# United States District Court

FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
FILED

FEB 26 2000

MICHAEL N. MILBY CLERK

BOBBY DIXON
_____
Plaintiff

(Enter above the full name of the plaintiff or plaintiffs in this action.)

VS.

Dr. RONALD MOORE
_____
Defendant

(Enter above the full name of the defendant or defendants in this action.)

C-00-097

CIVIL ACTION NO. 42 U.S.C. §1983

COMPLAINT FOR VIOLATION OF CIVIL RIGHTS PURSUANT TO 42 USC §1983
(For Use in Prisoner Litigation)

NOTE: The Clerk will not file your complaint unless it conforms to these forms and the instructions for filing which you were provided. Consult the instructions as you prepare your complaint.

DO NOT leave blanks on these forms. If an item is not applicable, state so or write "N/A." Be aware that you may be subject to penalties or sanctions by the Court (such as dismissal and assessment costs) for perjury.

I.  PREVIOUS LAWSUITS

   A.  Have you begun other lawsuits in state or federal court dealing with the same or similar facts involved in this action?
       Yes[ ] No[X]

   B.  Have you begun other lawsuits in state or federal court relating to your conditions of confinement?
       Yes[ ] No[X]

   C.  If your answer to A or B is yes, describe each lawsuit in the space below. (If there is more than one lawsuit, describe the additional lawsuits on another piece of paper, using the same outline.)

       1.  Parties to this previous lawsuit
           Plaintiffs: N/A

           Defendants: N/A

Item C. 1. Continued

    2. Court (if federal court, name the district; if state court, name the county): __N/A__

    3. Docket number: __N/A__

    4. Name of judge to whom case was assigned: __N/A__

    5. Disposition (for example: Was the case dismissed? Was it appealed? Is it still pending?) __N/A__

    6. Approximate date of filing lawsuit: __N/A__

    7. Approximate date of disposition: __N/A__

Use additional page(s) for other lawsuits. Provide the same type of information as you did above for each.

II. PLACE OR INSTITUTION WHERE THIS COMPLAINT OCCURRED: __TEXAS DEPARTMENT OF CRIMINAL JUSTICE - INSTITUTIONAL DIVISION GARZA WEST UNIT BEEVILLE, TEXAS__

    A. Is there a prisoner grievance procedure in this institution?
       Yes[X] No[ ] N/A[ ]

    B. Did you present the facts relating to your complaint in the state prisoner grievance procedure?
       Yes[X] No[ ]

    C. If your answer is YES:

       1. What steps did you take: STEP 1 and STEP 2

       2. What was the result? FORWARDED MY COMPLAINT TO Dr. TOOLE, EASTERN REGION DENTAL DIRECTOR

    D. If your answer is NO, explain why not:
       N/A

    E. If you are an inmate in the Texas Department of Corrections and your complaint relates to your confinement there, have you interviewed with an attorney from the Inmate Legal Services Project of the State Bar of Texas?
       Yes[ ] No[X]

    F. If your answer is NO, explain why not: N/A

III.  PARTIES TO THIS LAWSUIT

    A.  Name of Plaintiff: BOBBY DIXON
        Inmate Number: 488309    Date of Birth:
        Institution/Unit of Confinement: WYNNE UNIT
        Address: HUNTSVILLE, TEXAS 77349

    B.  Additional Plaintiff(s) (if any). In this space, provide the same type of information as requested in "A" above.

                                    N/A

    C.  Name of Defendant: Dr. RONAL MOORE
        Official Position (employed as): DENTIST
        Place of Employment: GARZA WEST DENTAL DEPARTMENT
        Address for service: HCO 2  BOX 995  BEEVILLE, TEXAS 78102

    D.  Additional Defendants (if any):
        Name of Defendant: N/A
        Official Position (employed as):
        Place of Employment:
        Address for service:

        Name of Defendant: N/A
        Official Position (employed as):
        Place of Employment:
        Address for service:

Use additional page to list other defendants. Provide the same type of information as you did above for each.

IV.  STATEMENT OF CLAIM

    State here as briefly as possible the <u>facts</u> of your case. Describe how each defendant is involved. Include also the names of other persons involved, dates, and places. Do not give any legal arguments or cite any cases or statutes. If you intend to allege a number of related claims, number and set forth each claim in a separate paragraph. (Use as much space as you need. Attach extra sheets if necessary.)

<u>SEE ATTACHED PAGES CONTAINING FACTS OF CASE</u>

- 3 -

Additional space for "Statement of Claim":

V. RELIEF

State briefly exactly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.

<u>SEE ATTACHED PAGES CONTAINING REQUESTED RELIEF</u>

VI. VERIFICATION (Must be provided by each plaintiff.)

I declare under penalty of perjury that the foregoing is true and correct. Executed on  2-11-2000 .  *Bobby James Dixon*
   (date)                              (Signature of Plaintiff)

- 4 -

**FILING INSTRUMENTS AFTER SERVICE HAS BEEN ISSUED:**

You must serve the defendant(s) or defense counsel with a copy of every pleading, letter, or other document submitted for consideration by the Court. The original of all documents filed with the Clerk should have a proper "Certificate of Service". The following certificate should appear following the plaintiff's signature at the end of each instrument:

### CERTIFICATE

I, __BOBBY DIXON__ (name) __plaintiff__, do hereby certify that a true and correct copy of the foregoing __42 U.S.C.__ (name of instrument) __§1983__ has been served upon the defendant(s) by placing same in the U.S. Mail, addressed to _____ (name and address of defendant(s) or counsel _____, on _____ (date) _____ day of _____ (month) _____ ,(year) _____.

_____(your signature)_____

Any pleading or other document submitted to the Clerk for filing which does not bear a proper Certificate of Service may be returned to the submitting party. All instruments (pleading, letters, motions or other documents) pertaining to this case must be signed by all plaintiffs and must state the civil action number (case number).

**IMPORTANT INFORMATION:**

1. IF YOU DO NOT KEEP THE COURT ADVISED OF YOUR CURRENT ADDRESS, YOU CASE MAY BE DISMISSED FOR WANT OF PROSECUTION.

2. Request for any type of relief must be in the form of a proper motion, filed in a pending case. Please note that if you submit a letter requesting relief, it will not be treated as a proper motion.

3. It is improper to communicate directly with judges or magistrates concerning matters which are or may become a subject in their Court.

4. It is improper for the Clerk, Judges, or Magistrates to give legal advice to litigants.

5. All documents and correspondence submitted to the Clerk should be on letter size paper (8 1/2 by 11 inches). Please do not use legal size (8 1/2 by 14 inches) paper.

4

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF TEXAS

United States District Co
Southern District of Tex
FILED

FEB 26 2000

MICHAEL N. MILBY CLERK

BOBBY DIXON
 Plaintiff

§
§
§
§
§
v.     § Cause No. C-00-097
§
§
§
§
Dr. RONALD MOORE §
 Defendant §
§
§

```
************************************************************
             42 U.S.C. § 1983 CIVIL RIGHTS COMPLAINT
************************************************************
```

### PRELIMINARY STATEMENT

  This is a Civil Rights Action filed by Bobby Dixon, Pro-Se, a state prisoner, for damages and injunctive relief under 42 U.S.C. § 1983, alleging "Deliberate Indifference" to a serious dental problem caused by poor and negligent dental procedures performed by defendant, which caused pain, discomfort, and a threat to good health. This being a violation of the (8th)Eighth Amendment of the United States Constitution.

### JURISDICTION

1. The Court has jurisdiction over the plaintiff's claims of violation of Federal Constitutional Rights under 42 U.S.C. §§1331(a) and 1343.

2. The court has supplemental jurisdiction over plaintiff's State Law Tort Claims under 28 U.S.C. § 1367.

## PARTIES

The plaintiff, Bobby Dixon, was incarcerated at the Garza West Unit in the Texas Department of Criminal Justice-Institutional Division during the events described in this complaint.

Dr. Ronald Moore, the defendant, is a contract employee of the University of Texas Medical Branch and assigned as the dentist at the Garza West Unit. As such he is generally responsible for ensuring and dispensing of adequate dental care to prisoners. He is being sued in his individual and official capacities.

The defendant has acted, and continue to act, under color of State Law at all times relevant to this complaint.

## FACTS

On February 15, 1998, plaintiff Dixon had a tooth extracted by Dr. Moore at the Garza West Medical Building. During the extraction additional teeth were damaged, as proven by X-Rays taken on the 26th day of May 1998.

There was severe swelling of my gums for over (6)six months and I suffered constant headaches, inability to eat food, and numerous nights of the inability to sleep.

X-Rays taken on May 26, 1998 revealed that a part of the tooth originally pulled on February 15, 1998 was left in the tooth socket in my gums. Also it revealed that another tooth, that was actually in good shape, had also been damaged.

Page 2 of 4

As a result of these findings, Dr. Kaleski, Director of Dental Department at the Garza West Unit immediately scheduled me for "ORAL SURGERY" at the John Sealy Hospital in Gaveston, Texas.

While there at the John Sealy Hospital I endured (2½)two and one half hours of surgery where they removed the piece of tooth that had been left in my gums by Dr. Ronald Moore on February 15th, and then decided to pull the damaged tooth from the work done by Dr. Ronald Moore at the time he had operated in my mouth.

I was later transferred to the Wynne Unit in Huntsville, Texas and my subsequent dental treatment became the responsibility of Dr. Jerry D. Toole, Eastern Region Dental Director. Dr. Toole did the additional restorative dental work after my oral surgery. This was necessary because of the poor and inadequate dental work done on my mouth by Dr. Ronald Moore on February 15, 1998 at the Garza West Unit.

The additional restorative dental work was mandated by the fact that my facial expression had been grotesquely altered, causing severe emotional suffering, as well as the actual physical pain that I was forced to endure.

### CLAIMS for RELIEF

The failure of defendant Dr. Moore to provide adequate dental care and services constitute "DELIBERATE INDIFFERENCE" to the plaintiff, Bobby Dixon's serious dental care requirements in violation of the (8th)Eighth Amendment of the United States Constitution. This act of "NEGLIGENCE" is the force driving this Claim for Relief against defendant Dr. Ronald Moore.

Page 3 of 4

## RELIEF REQUESTED

**WHEREFORE**, plaintiff requests that the Court grant the following relief:

A. Issue a declaratory judgement stating that:

1. The inadequate dental work provided by Dr. Ronald Moore violated the plaintiff's rights under the (8th)Eighth Amendment of the United States Constitution and constituted a "Deliberate Indifference" to the plaintiff.

B. Issue an injunction ordering:

1. The continuation of any and all dental restorative work deemed necessary to place plaintiff as close to the normal facial expression and use of his mouth as before the improper and inadequate dental work was performed.

C. Award compensentory damages in the following amounts:

1. ($25,000.00)Twenty-Five Thousand Dollars against Dr. Moore for the physical and emotional injury and damages caused from the improper and inadequate dental services rendered to the plaintiff.

D. Award punitive damages in the following amount:

1. ($10,000.00)Ten Thousand Dollars against defendant Dr. Ronald Moore.

E. Grant such other relief as it may appear plaintiff is entitled.

This _February_ day of __11__ _2000_.

_Bobby James Dixon_
Mr. BOBBY DIXON #488309   (Pro-Se)
WYNNE UNIT DCRM (8-20)
HUNTSVILLE, Tx. 77349

Page 4 of 4