IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

United States District Court
Southern District of Texas
ENTERED
MAR 30 2000
Michael N. Milby, Clerk of Court

BOBBY DIXON §
§
V. § C.A. NO. C-00-97
§
DR. RONALD MOORE §

## ORDER DENYING APPOINTMENT OF COUNSEL

Plaintiff is an inmate in the Texas Department of Criminal Justice - Institutional Division, and is currently incarcerated at the Garza West unit in Beeville, Texas. Proceeding *pro se* and *in forma pauperis*, plaintiff filed a civil rights complaint pursuant to 42 U.S.C. § 1983, alleging constitutional violations.

Plaintiff has filed a motion requesting appointment of counsel (D.E. 2). In Bounds v. Smith, the Supreme Court held that a prisoner's constitutional right of access to the courts requires that the access be meaningful; that is, prison officials must provide pro se litigants with writing materials, access to the law library, or other forms of legal assistance. Bounds v. Smith, 430 U.S. 817, 829 (1977). There is, however, no constitutional right to appointment of counsel in civil rights cases. Akasike v. Fitzpatrick, 26 F.3d 510, 512 (5th Cir. 1994); Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982). Furthermore, Bounds did not create a "free-standing right to a law library or legal assistance." Lewis v. Casey, 518 U.S. 343, 352 (1996). It is within the Court's discretion to appoint counsel, unless the

case presents "exceptional circumstances," thus requiring the appointment. <u>Cupit v. Jones</u>, 835 F.2d 82, 86 (5th Cir. 1987).

A number of factors should be examined when determining whether to appoint counsel. <u>Jackson v. Dallas Police Dep't</u>, 811 F.2d 260, 261-62 (5th Cir. 1986) (citing <u>Ulmer v. Chancellor</u>, 691 F.2d 209 (5th Cir. 1982)). The first is the type and complexity of the case. <u>Id.</u> Plaintiff claims that Dr. Moore was were deliberately indifferent in connection with the extraction of a tooth, and that as a result plaintiff suffered swelling in his gums, headaches, inability to eat, and inability to sleep. Having reviewed plaintiff's complaint, the Court finds that the issues in this case are not so complex as to require the appointment of counsel. The plaintiff has already written his own complaint and motion which have been satisfactory.

The second and third factors are whether the plaintiff is in a position to adequately investigate and present the case. <u>Id.</u> Since plaintiff's cause concerns his own medical complaints, plaintiff will himself be able to adequately describe the complaints to the Court. Plaintiff is advised that, if his case is set for trial, he will be given an opportunity to request the Court to subpoena inmate witnesses who are still in TDCJ-ID custody and prison officials who are still employed by TDCJ-ID.

The fourth factor which should be examined is whether the evidence will consist in large part of conflicting testimony so

2

as to require skill in the presentation of evidence and in cross-examination.  <u>Id.</u>   The defendants have not yet been served with process in this case.  They have not yet filed their answers, and the Court has not yet entered a scheduling order.  Therefore, examination of this factor would be premature.

Finally, there is no indication that appointed counsel would aid in the efficient and equitable disposition of the case.  The Court notes that it has the authority to award attorneys' fees to a prevailing plaintiff.  42 U.S.C. § 1988.  Plaintiff is not prohibited from hiring an attorney on a contingent-fee arrangement.

The Court finds that at this time no "extraordinary circumstances" exist to warrant the appointment of counsel. Accordingly, plaintiff's motion for appointment of counsel (D.E. 18) is denied without prejudice.  The Court will *sua sponte* reconsider its ruling as this case progresses and/or when deemed necessary to move this case toward final disposition.

ORDERED this 29 day of March, 2000.

_____
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE