Case 2:00-cv-00097   Document 13   Filed in TXSD on 03/30/2000   Page 1 of 5

United States District Court
Southern District of Texas
ENTERED

13. MAR 3 1 2000

Michael N. Milby
Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| BOBBY DIXON | § | |
| | § | |
| V. | § | C.A. NO. C-00-097 |
| | § | |
| DR. RONALD MOORE | § | |

## ORDER OF DISMISSAL

Proceeding *pro se* and *in forma pauperis*, plaintiff filed his complaint (D.E. 1) alleging deliberate indifference to his serious medical needs in violation of the Eighth Amendment prohibition against cruel and unusual punishment. Plaintiff has brought suit against Doctor Ronald Moore, who provides dental care at the Garza West Unit, Texas Department of Criminal Justice - Institutional Division.

By order of reference entered March 23, 2000 (D.E. 8), this case was referred to the undersigned. 28 U.S.C. § 636(c).

For the reasons discussed below, plaintiff's claim is dismissed as frivolous pursuant to § 1915(e)(2)(B)(i).

### I. JURISDICTION

The Court has federal question jurisdiction. 28 U.S.C. § 1331.

### II. FACTS AND PROCEEDINGS

Plaintiff claims that on February 15, 1998, while defendant was extracting one of plaintiff's teeth, defendant damaged some of

plaintiff's other teeth. As a result, plaintiff allegedly suffered swollen gums for 6 months, headaches, and interference with his ability to eat and sleep. According to plaintiff, X-rays taken on May 26, 1998, revealed that a part of the tooth extracted in February still remained in plaintiff's gums, and confirmed that another tooth had been damaged during the surgery. On that date, a doctor at the Wynne Unit pulled the remainder of the tooth, and repaired the damaged tooth. Plaintiff also received restorative dental work. Plaintiff seeks damages and an injunction mandating further restorative work.

### III. DISCUSSION

#### A. *In Forma Pauperis* screening

"The federal *in forma pauperis* statute enacted in 1892 and presently codified as 28 U.S.C. § 1915, is designed to ensure that indigent litigants have meaningful access to the federal courts." Neitzke v. Williams, 490 U.S. 319, 324, 109 S. Ct. 1827, 1831 (1989) (citing Adkins v. E.I. DuPont de Nemours & Co. 335 U.S. 331, 342-43, 69 S. Ct. 85, 90-91 (1948)). The *in forma pauperis* statute provides that the Court shall dismiss the case if the Court determines that the action is frivolous or malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B); 28 U.S.C. § 1915A(b). The *in forma pauperis* litigant lacks the economic incentive which prevents other

2

litigants from filing frivolous suits. Thus, the power of *sua sponte* dismissal may be invoked by the court to prevent abusive litigation and to "spare prospective defendants the inconvenience and expense of answering such complaints." <u>Neitzke</u>, 490 U.S. at 324, 109 S. Ct. at 1831.

A complaint is frivolous under § 1915(e)(2)(B)(i) when "it lacks an arguable basis either in law or in fact." <u>Neitzke</u>, 490 U.S. at 325, 109 S. Ct. at 1831-32. District judges have the authority "to dismiss a claim based on an indisputably meritless legal theory." <u>Neitzke</u>, 490 U.S. at 327, 109 S. Ct. at 1833. The Fifth Circuit has interpreted the Supreme Court's ruling as permitting a two pronged test: an *in forma pauperis* proceeding may be dismissed *sua sponte* when (1) the claim has no realistic chance of ultimate success or (2) the claim has no arguable basis in law and fact. <u>Booker v. Koonce</u>, 2 F.3d 114, 116 n.9 (5th Cir. 1993); <u>Pugh v. Parish of St. Tammany</u>, 875 F.2d 436, 438 (5th Cir. 1989). A pleading fails to state a claim upon which relief may be granted under § 1915(e)(2)(B)(ii) when the claimant can prove no set of facts entitling him to relief. <u>Lowrey v. Texas A & M Univ. Sys.</u>, 117 F.3d 242, 247 (5th Cir. 1997).

B.  **Deliberate indifference to medical needs**

Plaintiff claims that defendant Moore acted with deliberate indifference to his medical needs by failing to properly perform the oral surgery on February 15, 1998.

3

A prison inmate can obtain relief under 42 U.S.C. § 1983 on grounds of denial of medical care if he proves that there was "deliberate indifference to [his] serious medical needs." Estelle v. Gamble, 429 U.S. 97, 104, 97 S. Ct. 285, 291 (1976); See Farmer v. Brennan, 511 U.S. 825, 840, 114 S. Ct. 1970, 1980 (1994). A prison official acts with deliberate indifference if he knows that an inmate faces a substantial risk of serious harm and disregards that risk by failing to take reasonable measures to abate it. Farmer v. Brennan, 511 U.S. 825, 114 S. Ct. 1970 (1994).

Here, the allegations do not support a claim of deliberate indifference against Moore. Plaintiff does not allege any facts that support his claim of deliberate indifference. Indeed, he alleges only that Moore did not use sufficient care when performing the surgery. He describes Moore's work as "poor and inadequate," and "improper and inadequate." This amounts only to a claim of negligence. He admits that it is negligence which drives his claim for relief. Allegations of mere negligence or medical malpractice do not amount to a violation of the Eighth Amendment. Estelle, 429 U.S. at 105, 97 S. Ct. at 291; Norton v. Diamanzana, 122 F.3d 286, 292 (5th Cir. 1997); Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir. 1993); Fielder v. Bosshard, 590 F.2d 105 (5th Cir. 1979).

4

## IV. CONCLUSION

For the foregoing reasons, plaintiff's claims are dismissed as frivolous pursuant to § 1915(e)(2)(B)(i).

ORDERED this 30 day of March, 2000.

_Jane Cooper-Hill_
JANE COOPER-HILL
UNITED STATES MAGISTRATE JUDGE

5