IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

U.S. COURT OF APPEALS
FILED
DEC 13 2000
CHARLES R. FULBRUGE III
CLERK

United States District Court
Southern District of Texas
FILED
JAN - 8 2001
MICHAEL N. MILBY CLERK

No. 00-40477
Conference Calendar

BOBBY DIXON,

          Plaintiff-Appellant,

versus

RONALD MOORE, DR.,

          Defendant-Appellee.

---

Appeal from the United States District Court
for the Southern District of Texas
USDC No. C-00-CV-97

---

Before DAVIS, STEWART, and PARKER, Circuit Judges.

PER CURIAM:[*]

    Bobby Dixon (#488309) has appealed the magistrate judge's judgment dismissing his civil rights action as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B)(i). A dismissal under § 1915(e)(2)(B)(i) is reviewed for an abuse of discretion. <u>Harper v. Showers</u>, 174 F.3d 716, 718 & n.3 (5th Cir. 1999).

    Dixon concedes that his complaint alleged a negligence action only and that negligence is not actionable under § 1983. Dixon contends that, under Fed. R. Civ. P. 15(a), the magistrate judge should have given him an opportunity to amend his complaint to state a civil rights action. Dixon did not move the district

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

court for leave to file an amended complaint. He does not suggest on appeal what he would allege if given an opportunity to file an amended complaint. There is no reason to believe that Dixon can state a valid civil rights claim. See Eason v. Thaler, 14 F.3d 8, 9 (5th Cir. 1994).

Dixon has moved for production of medical records pertinent to his negligence claim. The motion is DENIED. Dixon argues in his motion that his complaint should not have been dismissed before he had an opportunity to conduct discovery. The district court is required to dismiss a frivolous complaint "at any time" it determines that the complaint is frivolous or malicious. See § 1915(e)(2).

Because the appeal is frivolous, it is DISMISSED. See Howard v. King, 707 F.2d 215, 220 (5th Cir. 1983); 5TH CIR. R. 42.2.

The dismissal of this appeal and the dismissal as frivolous by the magistrate judge each count as a strike for purposes of 28 U.S.C. § 1915(g). See Adepegba v. Hammons, 103 F.3d 383, 387-88 (5th Cir. 1996). We caution Dixon that once he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. See § 1915(g).

APPEAL DISMISSED; MOTION DENIED.

ClibPDF - www.fastio.com